Opinion of the Court.
THIS is a motion to quash a sheriff's sale, and the bond taken in pursuance thereof made by the plaintiff in the execution. The grounds set up may be reduced to the following : First, that there was fraud and collusion between the sheriff and purchaser, the sheriff being interested or designing to favor the purchaser ; and secondly, that the sale being at one year’s credit, was unconstitutional and void.
1. We concur with the court below in believing the evidence insufficient to prove any collusion in the sale. The sheriff appears to have complied with the law, in making the sale public. He urged others to bid both publicly and privately. The sale continued near three quarters of an hour. A bidder who appeared, professing himself to be the agent of the plaintiff, had once or twice declared he would bid no more, and told the sheriff to strike it off to the purchaser, which he did. Another, who acted as the provisional agent of the plaintiff, complained that it was cried off too low. The sheriff declared he would again set it up, but the purchaser objected ; and after the sheriff had conversed with the purchaser in private, he declined setting up the land again. We cannot infer from this private interview, that there was collusion, especially, as the testimony is utterly silent as to any improper communication between them. There is then left only inadequacy of price, from which unfairness can be inferred; which is a circumstance, per se, not sufficient to warrant the presumption of fraud under the circumstances of this case.
2. As to the second point, we admit, that an individual whose rights are prejudiced by the operation of a law conflicting with the constitution, has a right to demand of the judiciary a decision on the validity of the law; and no court, however delicate the task may be, is warranted in shrinking from the disagreeable duty ; but such individual ought to show that his constitutional rights were infringed, without his consent, and ought not to jeopardize his rights voluntarily by attempting to proceed under a law, and to take the benefit of it so far as to delude others into the dilemma, and then turn around and complain of constitutional injuries. Here the plaintiff in the execution, through the instrumentality of his son, procured one *398 agent to attend the sale, and then out of abundant caution, provided a second to attend, lest the first might fail to be there. We are aware that this agency has been contested on the trial ; it is certain that his son employed the agents, and no reasonable doubt can remain, that the father authorised him to do so ; for the same agent purchased for the plaintiff other tracts of land under the same execution, which he does not refuse to take the benefit of ; and on the face of his notice of this motion he recognises that agency, and complains that his agent was not attended to. Besides he had authorised this agent to proclaim to the bidders that the land already belonged to him by a prior purchase under sheriff’s sale ; but the sheriff who made the sale had removed without making him a title, and he resorted to this method to acquire the legal estate. Thus this sale was to be accounted in the eyes of others, not as a reality, but as a proceeding for the exclusive benefit of the plaintiff himself. Others are warned not to interfere, and as they did so and became purchasers, he now claims the right to withdraw the authority. It does not appear in the record that this tale, of a prior purchase, was true, so that but one inference can be drawn from the circulation of the story. The plaintiff intended by the proceeding to get the land himself, he it constitutional or not, and as he missed that object, he now complains. Add to this, his agent actually intended and entered into full competition with other bidders, then with apparent artifice declined bidding once or twice, and afterwards recommenced bidding, and at last directed the land to be cried off to the purchaser, which was done. It was then, and not before, that his second and provisional agent began to complain, and it is an after thought in the plaintiff that his constitutional rights are impaired. In this case, the intention of the plaintiff is apparent, that the sale should be executed under the law which he now pronounces invalid, and he carried that intention as far as he could, except that of becoming the purchaser, and as he missed the purchase through his agent, by whose acts he must be bound, he is estopped to say that the proceedings were unconstitutional. If the constitution was in his favor, it was competent for him to waive the privileges or benefit secured by it. That he did so, is further evinced, by the execution be *399 ing endorsed with a willingness to accept paper as the very law directs, against which he opposes the constitution. A still further difficulty exists in the road to redress for the plaintiff, even if it be conceded hat he has a right now to rely upon the constitution. His execution appears to be an original one, upon a decree in chancery. But we are not favored with a sight of that decree, nor can we ascertain its date ; we are left to conjecture whether it is founded on contract or tort, such as damages for injuries to soil, or waste of timber, which the chancellor after proper assessment will sometimes decree. Indeed, we have no further evidence of the existence of a decree, except what the face of the execution contains. Under such circumstances, we should act as mere volunteers, if we should travel into and decide the constitutional question, which he has attempted to raise for the purpose of avoiding a sale made and completed by his own procurement. We therefore conceive that the court erred in sustaining this last point, and vacating the sale and sale bond.
He is bonnd by the acts of such agent.
*399 Decree reversed.